UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, NATIONAL APPRENTICESHIP TRAINING FUND, TWIN CITY CARPENTERS VACATION FUND TRUSTS,**

Plaintiffs,

vs.

**CJ'S CONSTRUCTION SERVICE, INC. and DEAN JOHNSON, individually,**

Defendants.

Civil No. 00-CV-2733 JRT/FLN

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND <u>ORDER FOR DEFAULT JUDGMENT</u>**

This matter was heard before the undersigned on the **18th** day of **July**, 2001. Jacqueline Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on December 19, 2000.

2. Defendants CJ's Construction Service, Inc. and Dean Johnson were personally served with the Complaint on December 19, 2000.

3. Defendants served a Joint Answer to the Summons and Complaint on



FILED ____________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

3. Defendants served a Joint Answer to the Summons and Complaint on Plaintiffs' counsel on January 9, 2001.

4. Defendants failed to file the Joint Answer with the Court, and have failed to respond to communications from Plaintiffs' counsel regarding filing the Answer.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

6. Defendants accepted and agreed to be bound by a Collective Bargaining Agreement (CBA) with the Lakes and Plains Regional Council of Carpenters and Joiners. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions in accordance with the agreement.

7. Plaintiff Funds performed an audit of Defendant's records to determine compliance with the collective bargaining agreement for the period December, 1999 through May, 2000.

8. Plaintiffs found $39,816.48 owing for fringe benefit contributions pursuant to the audit of Defendant's records for the period December, 1999 through May, 2000.

9. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

10. Defendants owe $ 3,981.64 in liquidated damages pursuant to the audit of Defendant's records for the period December, 1999 through May, 2000.

11. Plaintiffs have recovered a total of $28,325.84 of this amount, leaving a

balance of $15,472.28 for this audit.

12. Defendants' payroll report for September, 2000 showed $5,809.86 due for contributions.

13. Pursuant to the terms of the Bargaining Agreement, liquidated damages of $580.95 are owed for the September, 2000 contributions.

14. Defendants have failed to submit monthly payroll reports and contributions for the period October, 2000 through the present.

15. Plaintiffs are entitled under the terms of the Bargaining Agreement to audit Defendants' payroll records to determine its compliance with the reporting and contributions requirements.

16. The Plaintiffs requested that Defendants submit records for the period of June, 2000 through the present. Defendants have failed and refused to produce such documents.

17. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants owe Plaintiffs $15,472.28 for amounts found to be due pursuant to the audit of Defendant's records for the period December, 1999 through May, 2000 for fringe benefit contributions and liquidated damages.

3. Defendants owe Plaintiffs $6,390.41 for amounts shown to be due pursuant to the report submitted by Defendant for the month of September, 2000 for fringe benefit

contributions and liquidated damages.

4. Defendants owe fringe benefit contributions and liquidated damages for the period October, 2000 through the present.

5. Defendants owe additional amounts for attorney's fees and costs.

6. Defendant owes Plaintiffs a total of $21,862.69 for the balance remaining on the audit and September, 2000 contributions, additional amounts for fringe benefit contributions and liquidated damages for October, 2000 through the present, and attorney's fees and costs.

**ORDER**

**IT IS ORDERED: THAT JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANTS CJ'S CONSTRUCTION SERVICE, INC. AND DEAN JOHNSON AS FOLLOWS:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Judgment be entered in favor of Plaintiff fringe benefit funds collectively in the amount of $21,862.69;

3. That Defendant is Ordered to submit fringe benefit reporting forms accurately reflecting hours worked by employees for the months of October, 2000 through the date of this Order, and all subsequent months as they become due after the date of this Order;

4. That Plaintiffs are entitled to Judgment for the amounts shown to be due pursuant to those reports, and liquidated damages in the amount of 10%;

5. That Defendant is Ordered to submit to an audit of payroll records for the

period June, 2000 through the date of this Order by producing:

a. All payroll registers;

b All time cards;

c. All of Defendants' check registers and sequential canceled checks from all of Defendants' accounts;

d. All documents evidencing payment from Defendants to all other individuals, including any claimed subcontractors. Such documents should include all subcontractor agreements or other similar documents, and certificates of insurance from any subcontractors; and

e. All tax records and Minnesota Unemployment Compensation filings for 1999.

5. Defendants are further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

6. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Wilson-McShane Corporation, 2850 Metro Boulevard, Suite 404, Bloomington, Minnesota 55425.

7. That Plaintiffs are entitled to Judgment for any amounts shown to be due as the result of the audit.

8. The only issues remaining to be determined in this action are the additional amounts of Plaintiffs' damages and Plaintiffs' claim for attorney's fees and costs.

9. The amount of Plaintiffs' additional damages and Plaintiff's claim for attorney's fees and costs shall be determined upon application and affidavit of Plaintiffs' counsel.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 7/18/2001

BY THE COURT

John R. Tunheim
United States District Court Judge

**Please forward this announcement to the recipient of this fax.**

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---


700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500